IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL |
| v. : | |
| : | NO. 03-148-01 |
| GLENN FLEMMING : | |

January _4__, 2012                                                                 Anita B. Brody, J.

## MEMORANDUM

Defendant Glenn Flemming has filed a motion pursuant to 18 U.S.C. § 3582(c)(2) for a reduction of his sentence in light of Amendment 750 to the United States Sentencing Guidelines ("Guidelines"). For the reasons stated below, I will deny Flemming's motion to reduce his sentence.

## I. BACKGROUND

On May 28, 2004, a jury found Flemming guilty of possession with intent to distribute cocaine base ("crack"), in violation of 21 U.S.C. § 841(a) and § 841(b)(1)(c) (Count One), possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1) (Count Two), and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (Count Three). Following Flemming's conviction, a Presentence Investigation Report ("PSR") was prepared.

In the PSR, the Probation Office determined that based on the drug quantity table in U.S.S.G. § 2D1.1(c) (the "Crack Cocaine Guidelines"), Flemming's base offense level was 24 because he possessed more than four grams but less than five grams of crack cocaine. Additionally, the Probation Office determined that based on Flemming's prior criminal history,

1

his criminal history category was V. Given Flemming's base offense level of 24 and his criminal history category of V, Flemming's Guidelines range would have been 92 to 115 months imprisonment. However, the Probation Office also determined that Flemming qualified as a career offender under U.S.S.G. § 4B1.1 (the "Career Offender Guidelines") because he had two prior convictions for controlled substance offenses. Because Flemming was a career offender, his offense level increased to 34 and his criminal history category increased to VI, resulting in a Guidelines range of 262 to 327 months imprisonment.

On February 9, 2005, Flemming's sentencing hearing occurred. At sentencing, Flemming sought a downward departure pursuant to U.S.S.G. § 4A1.3 because his career offender enhancement overstated his criminal history. I granted Flemming's request for a downward departure, and departed to an offense level of 24 and a criminal history of V– the same offense level and criminal history category that would have applied under the Crack Cocaine Guidelines (U.S.S.G. § 2D1.1(c)) if Flemming had not qualified as a career offender. The resulting Guidelines range was 92 to 115 months imprisonment. I sentenced Flemming to 115 months imprisonment on Counts One and Three, and a mandatory consecutive sentence of 60 months imprisonment on Count Two, for a total of 175 months imprisonment.

### A. First Motion for Sentence Reduction

Amendment 706 of the Sentencing Guidelines became effective on November 1, 2007 and lowered the base offense level for offenses involving most quantities of crack cocaine by two levels.[1] *See* U.S.S.G. Supp. App. C, Amdt. 706 (effective Nov. 1, 2007). On the basis of the

---

[1] In 2008, the Sentencing Commission made Amendment 706 retroactive. U.S.S.G. Supp. App. C, Amdt. 713 (effective Mar. 3, 2008).

2

Amendment, Flemming filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). I denied Flemming's motion based on the belief that Flemming was not eligible for a sentence reduction because Amendment 706 did not reduce Flemming's Career Offender Guidelines range. Flemming appealed my decision.

On July 27, 2010, the Court of Appeals for the Third Circuit reversed my decision and held that Flemming was eligible for a sentence reduction. *United States v. Flemming*, 617 F.3d 252 (3d Cir. 2010). Specifically, the Third Circuit held that a career offender who received a § 4A1.3 downward departure under a pre-2003 edition of the Sentencing Guidelines was eligible for a sentence reduction pursuant to § 3582(c)(2). *Id.* at 272. The Third Circuit began by explaining that a defendant is only eligible for a sentence reduction under § 3582(c)(2) "where two requirements are satisfied: (1) the defendant's initial sentence must have been based on a sentencing range that has subsequently been lowered by the Sentencing Commission, and (2) the sentence reduction must be consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 257 (internal quotation marks omitted). The Third Circuit concluded that Flemming's sentence had been "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" because Flemming was sentenced based on the Crack Cocaine Guidelines range (§ 2D1.1(c)) of 92 to 115 months imprisonment rather than the Career Offender Guidelines range (§ 4B1.1) of 262 to 327 months imprisonment. The Third Circuit then turned to the more difficult question of whether a sentence reduction would be consistent with the applicable policy statements of the Sentencing Commission. *Id.* at 260.

At the time, the policy statement in U.S.S.G. § 1B1.10 provided that a "a sentence reduction based on a retroactive amendment is not consistent with that policy statement if the

amendment 'does not have the effect of lowering the defendant's *applicable guideline range*.'" *Id.* (quoting U.S.S.G. § 1B1.10(a)(2)(B)). However, neither the policy statement's text nor the applicable Commentary defined the phrase "applicable guideline range." Thus, whether Flemming was eligible for a sentence reduction hinged on whether his "applicable guideline range" was the range calculated under the Career Offender Guidelines, which was not affected by Amendment 706, or the Crack Cocaine Guidelines, which was affected by Amendment 706. *Id.* If Flemming's "applicable guideline range" was his pre- § 4A1.3 departure range (the Career Offender Guidelines range) he was not eligible for a sentence reduction; however, if his "applicable guideline range" was his post- § 4A1.3 departure range (the Crack Cocaine Guidelines range) then Flemming qualified under § 3582(c)(2) for a sentence reduction. *Id.* at 260-61. The Third Circuit examined "the Guidelines' text, the Sentencing Commission's instructions for applying the Guidelines, and the Commission's applicable Commentary to the Guidelines," and "conclude[d] that the edition of the Guidelines used at Flemming's sentencing [wa]s ambiguous as to whether the "applicable guideline range" is his pre- § 4A1.3 departure range (the Career Offender Guidelines range) or his post- § 4A1.3 departure range (the Crack Cocaine Guidelines range)." *Id.* Under the rule of lenity, the Third Circuit resolved the ambiguity in Flemming's favor and determined that his "applicable guideline range" was the post- § 4A1.3 departure range (the Crack Cocaine Guidelines range). *Id.* at 261. As a result, the Court held that Flemming was eligible for a sentence reduction. *Id.* at 272. The Third Circuit vacated my decision and remanded the case for a determination of "whether, and to what extent, a reduction in Flemming's sentence is warranted." *Id.*

On November 23, 2010, I reduced Flemming's sentence. Following the remand, in light

of Amendment 706, the Probation Office recalculated Flemming's base offense level as 22. Given this base offense level, Flemming's Guidelines range became 77 to 96 months imprisonment. I sentenced Flemming to 77 months imprisonment on Counts One and Three. Thus, Flemming's total sentence, with the addition of the 60 month consecutive sentence on Count Two, became 137 months.

### B. Second Motion for Sentence Reduction

On August 3, 2010, Congress enacted the Fair Sentencing Act ("FSA"). Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). The FSA reduces the statutory penalties for certain crack cocaine offenses. In order to make the Sentencing Guidelines consistent with the FSA, the Sentencing Commission issued Amendment 750, which revised the crack cocaine offense guideline to reflect the changes made by the FSA. U.S.S.G. App. C, Amdt. 750, Reason for Amendment (effective Nov. 1, 2011). The Sentencing Commission also issued Amendment 759 which makes the changes to the crack cocaine sentencing guideline revisions in Amendment 750 retroactive. U.S.S.G. App. C, Amdt. 759, Reason for Amendment (effective Nov. 1, 2011). Both amendments became effective on November 1, 2011.

In light of Amendment 750 and its retroactive application, Flemming has filed this new motion to reduce his sentence pursuant to § 3582(c)(2).

## II. DISCUSSION

Section 3582(c)(2) enables a district court to reduce an already imposed sentence

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C.A. § 3582(c)(2). The relevant policy statement for § 3582(c)(2) is U.S.S.G. § 1B1.10. *Dillon v. United States*, 130 S. Ct. 2683, 2688 (2010). "The statute thus establishes a two-step inquiry. A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Id.* at 2691.

The policy statement in § 1B1.10 prohibits a reduction in a defendant's sentence under 18 U.S.C. § 3582(c)(2) if "an amendment listed in subsection (c) does not have the effect of lowering the defendant's *applicable guideline range*." U.S.S.G. § 1B1.10(a)(2)(B) (emphasis added). At issue, once again, is whether Flemming's "applicable guideline range" is his Career Offender Guidelines range calculated before I authorized the downward departure under § 4A1.3 or whether his "applicable guideline range" is the Crack Cocaine Guidelines range that was used to calculate his sentence after the departure was granted. In deciding that Flemming was eligible for the 2007 crack cocaine sentence reduction based on Amendment 706, the Third Circuit determined, after looking at the Sentencing Guidelines' text, application instructions, and commentary, that the Guidelines was ambiguous as to whether the "applicable guideline range" referred to the Guidelines range calculated before or after the § 4A1.3 departure. *Flemming*, 617 F.3d at 260-61. Given this ambiguity, the Third Circuit applied the rule of lenity and held that the "applicable guideline range" was the post- § 4A1.3 departure range (the Crack Cocaine Guidelines range). *Id.* at 261  Because this post-departure range (the Crack Cocaine Guidelines range) was lowered by Amendment 706, the Third Circuit held that Flemming was eligible for a sentence reduction. *Id.* at 272.

Since the Third Circuit issued its opinion in *Flemming*, the Sentencing Commission has resolved the ambiguity that existed in the phrase "applicable guideline range" contained in § 1B1.10. Amendment 759 to the Guidelines not only makes Amendment 750 retroactive, it also amends § 1B1.10. *See* U.S.S.G. App. C, Amdt. 759 (effective Nov. 1, 2011). On November 1, 2011, the amended version of § 1B1.10 went into effect. The new Commentary to § 1B1.10 explains:

> Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the *applicable guideline range* (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), *which is determined before consideration of any departure provision in the Guidelines Manual or any variance*.)

U.S.S.G. § 1B1.10, Appl. Note 1(A) (emphasis added). "The new Commentary to § 1B1.10—which discusses retroactivity, and which this Court must follow, see . . . *Dillon v. United States*, 130 S. Ct. 2683 (2010)—makes eligibility for sentencing reductions dependent entirely on a defendant's *pre-departure* offense level and criminal history category" *United States v. Francis*, No. 3:04-336, 2011 WL 5289020, at *1 (D. Conn. Nov. 2, 2011); *accord United States v. Rivera*, 662 F.3d 166, 183 (2d Cir. 2011) (recognizing that the November 1, 2011 amendment to § 1B1.10 "prescribe[s] the precise construction of applicable guideline range" . . . [to be] the pre-departure range from the initial sentencing).

Under the revised version of § 1B1.10, the "applicable guideline range" for Flemming is his Career Offender Guidelines range that was calculated prior to the grant of the § 4A1.3 departure.[2] Because Flemming's Career Offender Guidelines range was not subsequently

---

[2] In addition to the clear statement in the Commentary to § 1B1.10 that the "applicable guideline range" is the one determined prior to any departures or variances, the Sentencing

7

lowered by the Sentencing Commission, Flemming is not eligible for a sentence reduction.

Therefore, I will deny Flemming's motion for reduction of sentence.


                                                         s/Anita B. Brody

                                                         _____
                                                         ANITA B. BRODY, J.


Copies **VIA ECF** on _____ to:                      Copies **MAILED** on _____ to:

---

Commission has specifically addressed the circuit split that existed as to whether the "applicable guideline range" should be calculated before or after a departure under § 4A1.3. See U.S.S.G. App. C, Amdt. 759, Reason for Amendment (3) (effective Nov. 1, 2011).  In the Reason for Amendment portion of Amendment 759, the Sentencing Commission expressly adopts the approach of the Sixth, Eighth, and Tenth Circuits, which have held that the "applicable guideline range" is the range established before any departures, including departures under § 4A1.3.  *Id.*